U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 25 2011
CHRIS R. JOHNSON, CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WAYNE BRIDGEWATER                                                    PLAINTIFF

v.                          Civil No. 11-5107

TONI PIRONI, Public Defender                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action submitted for filing by the Plaintiff pursuant to 42 U.S.C. § 1983. The Clerk is directed to file the complaint and *in forma pauperis* application.

Plaintiff, John Wayne Bridgewater, is currently incarcerated at the Benton County Detention Center. The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act. Also pending before me is the Plaintiff's motion to proceed *in forma pauperis*.

### 1. Background

Plaintiff is currently in jail on pending criminal charges. Toni Pironi, a public defender, has been appointed to represent him.

Plaintiff alleges Pironi failed to file a motion for bond reduction. When he appeared in court on March 14, 2011, Plaintiff alleges Pironi failed to ask for a bond reduction and instead merely asked when the next trial date was. Plaintiff states Pironi has not been to see him and letters sent to Pironi are not responded to.

As relief, Plaintiff asks that the criminal charges against him be dropped. Failing that, he asks for probation or a sentence of not more than six years.

### 2. Discussion

As noted above, the Plaintiff is incarcerated at the Benton County Detention Center.

Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination is made of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination is made whether the causes of action stated in the complaint are frivolous, malicious, or are asserted against individuals immune from suit and, if so, to dismiss the complaint. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.); 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he currently has no funds or assets. The records from the Benton County Detention Center show his monthly balance is zero. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous or fail to state claims on which relief may be granted. Pironi is not subject to suit under § 1983. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. DuBose v. Kelly, 187 F.3d 999 (8th Cir. 1999). Pironi does not act under color of state law while representing Plaintiff in his criminal proceeding. Polk County v. Dodson, 454 U.S.

312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

### 3. Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* be denied and the Complaint be dismissed in its entirety because the claims asserted are frivolous or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-iii). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of April 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE